JAMES WISWELL et al. v. STATE.

No. A-8619.    Jan. 18, 1934.
(29 Pac. [2d] 134.)

Watts & Wall, for plaintiff in error.

J. Berry King, Atty. Gen, and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiffs in error, hereinafter called defendants, were convicted in the district court of Haskell county of robbery with firearms, and were each sentenced to serve a term of five years in the state penitentiary.

The facts are about as follows: John Townsend operated a mercantile store at Star, and resided with his wife and daughter in a room connected with his store building. On November 4, 1932, about 7 p. m., after he had closed, three persons came to his store and sought admittance. He admitted two of them and one remained outside. The two who entered were identified by the state's testimony as Jim Wiswell and one Benge; they covered Townsend with a gun, required him to put up his hands. Benge then went into the residence part of the building, pointed a pistol at Mrs. Townsend, the young daughter, and Homer Sullivan, a young man who was there at the time. One of them then informed Townsend he had two pistols and required him to produce them, then demanded his money, and forced him to disclose where it was. They then took the two pistols and about $150 in money, and forced all the Townsend party to go to a schoolhouse close by, and there endeavored to put them in the schoolhouse cellar, but, finding it locked, left them at the schoolhouse, telling them to remain there twenty minutes.

Townsend, his wife and Sullivan testified to the circumstances of the robbery. Townsend identified Jim Wiswell and also a cap later found on Earnest Wiswell. He was not able to positively identify Benge. The testimony of this witness was somewhat shaken on cross-examination. Mrs. Townsend very positively identified defendant Jim Wiswell and Benge as the two who came in to the store. She was not able to identify the one remaining outside. Sullivan positively identified two of the defendants—one of those inside and the other outside, stating he saw the one outside in the light and again at the schoolhouse. The defense was alibi. Defendants testified in their own behalf and called a number of witnesses. The testimony introduced by them, if believed by the jury, entitled them to an acquittal.

The only contention argued is that the testimony is sharply contradicted and the testimony of defendants and his witnesses to prove alibi is so strong and so outweighs the testimony of the state that, as a whole, the evidence is insufficient to sustain the judgment. It cannot be contended, however, that there is no competent evidence, nor can it be said that the jury, from the evidence, could not reasonably and logically find defendants guilty. It is a fixed and settled rule that this court will not disturb a judgment, when to do so it must weigh the evidence and pass on the credibility of the witnesses. Those questions are for the jury.

The rule has its basis in reason. The jury sees the witnesses, observes their demeanor and appearance on the stand, their candor and fairness or the lack thereof, and is in a better position to determine the weight and value of the evidence and the credibility of the witness than any appellate court could be. It was for them to say whether the witnesses for the state identifying the defendants as

the persons committing the crime or the testimony of defendants and their witnesses on the question of alibi was true. Certainly, if the jury believed the state's testimony and did not believe the defendants' testimony tending to prove an alibi, as from the verdict returned they must have done, this court is not justified in interfering with the judgment.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.